COMMONWEALTH vs. JOSEPH GIZICKI. May 3, 1972. The defendant appeals under G. L. c. 278, §§ 33A-33G, from a conviction on an indictment charging him and four others with armed robbery while masked. G. L. c. 265, § 17. The defendant urges as error the judge's denial of his motion to strike a photograph of him which a witness testified at trial she had identified at various police showings of photographs as beng one of three men she saw entering the American Finance Company before the robbery and leaving immediately thereafter. From the record, it appears that thirteen standard police identification photographs, each showing a different man, were displayed to the witness first on the day of the robbery at the police station, again two or three days later at her house, and "[s]everal times after that." She testified that, on each occasion, she identified the defendant and one other. Further, she stated that, although one of the men she saw entering the finance company was masked, all three were unmasked when she saw them the second time leaving the premises. At trial upon the request of the prosecution, she pointed out the defendant's picture from the same group of thirteen photographs. There was no request for a voir dire hearing, and the judge admitted the photograph into evidence de bene. *Commonwealth* v. *Ross, ante,* at 665, 673-675, recently decided by this court, is dispositive of the defendant's claim under the Sixth Amendment to the Constitution of the United States. There, we held that the right to have counsel present (under *United States* v. *Wade,* 388 U. S. 218) does not extend to showings of standard police identification photographs. With reference to the defendant's claim under the Fourteenth Amendment of the Constitution of the United States, the defendant states in his brief that, "[because of the lack of counsel at the photographic showings, i]t was . . . impossible to explore the question of whether the photographic confrontation was impermissibly suggestive. *Simmons* v. *United States,* 390 U. S. 377." There is no evidence in the record which causes us independently to conclude that the photographic displays were "impermissibly suggestive" within the meaning of the *Simmons* case. There was no error.

*Judgment affirmed.*

*Mary C. Kingsley (Reuben Goodman* with her) for the defendant.

*John N. Nestor,* Assistant District Attorney, for the Commonwealth.